FARMERS GRAIN & MILLING COMPANY, a Corporation, Appellant, v. J. V. N. SUNDBERG and the Title Guaranty & Surety Company, a Corporation, Respondents.

(168 N. W. 55.)

**Mortgage — foreclosure — redemption — postoffice address — of mortgagee in subsequent mortgage — register of deeds — failure to mail copy of foreclosure notice — to subsequent mortgagee — damages — suit to recover — by subsequent mortgagee — negligence of — cause of loss — action will not lie.**

To secure a prior debt, plaintiff took from his insolvent debtor a mortgage for $800 on a quarter section of land. It was a third mortgage and it did not give the postoffice of the mortgagee. Seven months after default had been made in plaintiff's mortgage, the year of redemption expired on a foreclosure of the second mortgage.

The plaintiff brings this action to recover from the register of deeds the amount of its mortgage, with interest, because the register failed to mail to its postoffice or the postoffice nearest the land a copy of the foreclosure notice.

*Held*, that there is no evidence or presumption that the register knew the postoffice of the plaintiff, or that a copy of the notice mailed to the postoffice nearest the land would have been forwarded to the plaintiff, and that its own gross negligence was the real and proximate cause of its loss.

Opinion filed May 18, 1918.

Appeal from the District Court of Eddy County, Honorable *C. W. Buttz*, Judge.

Plaintiff appeals.

Affirmed.

*Henry Leum (Chas. A. Lyche*, of counsel), for appellant.

The register of deeds is a ministerial officer and as such is liable at common law, in the absence of express statutory provision against it, to an action for damages caused by his failure to perform the duties of his office, or for the negligent or illegal performance thereof. Rising v. Dickinson (N. D.) 23 L.R.A.(N.S.) 127, 121 N. W. 616.

In foreclosure cases it is the duty. of the register of deeds, within ten days after the filing of the affidavit of the publication of the notice of foreclosure of a real estate mortgage by advertisement, to send by registered mail a copy of such affidavit to the record owner and to every subsequent mortgagee whose mortgage appears of record, addressed to them at the postoffices named in the record in his office; in the absence of a postoffice address appearing of record, then to the postoffice nearest the land described in the certificate, and make and file his affidavit of mailing. Code, §§ 8095, 8096.

His failure so to do renders him liable in damages. Code, § 8097; Gibson v. People, 5 Hun, 542, 543; People v. Walker, 23 Barb. 304; Fryatt v. Lindo, 3 Edw. Ch. 239; Burns v. People, 59 Barb. 531, 543; Webb v. Birdwell, 15 Minn. 479, 484, Gil. 394; Brownell v. Greenwich (N.Y.) 4 L.R.A. 685.

The register of deeds is liable for such fees as he should have collected. 9 Enc. Ev. p. 203 b. State v. King (Mo.) 36 S. W. 681.

"If a party has changed his place of business, and has informed the postoffice authorities of it, there is a presumption or inference that the letter has been delivered at the new address." Marston v. Biglow (Mass.) 5 L R.A. 43; Comp. Laws 1913, § 7936, subd. 24, § 7938, subd. 31; St. Vincent's Inst. v. Davis, 129 Cal. 20, 61 Pac. 477; Grade v. Mariposa County, 132 Cal. 75, 64 Pac. 117; Williams v. Culver, 39 Or. 337, 64 Pac. 763; Hill's Ann. Laws, § 776, subd. 24; 9 Enc. Ev. p. 897.

The law presumes "that things have happened according to the

ordinary course of nature and the ordinary habits of life." Code,. § 7936, subd. 28.

*Rinker & Duell,* for respondent.

In order to recover, plaintiff must show that the damage, if any, was the direct result of defendant's neglect,—that his negligence was the proximate cause. Amberg v. Kinley (N. Y.) 108 N. W. 830; Rising v. Dickinson (N. D.) 121 N. W. 116; State v. Ruth (S. D.) 68 N. W. 189.

"If the result complained of would have followed notwithstanding the misconduct of the officer, then the officer cannot be held liable." Hartnette v. Boston Store (Ill.) 106 N. E. 837; 23 Enc. Law, p. 379 (d.); Grove v. Bowman (Iowa) 1 N. W. 492; Hatcher v. Dunn (Iowa) 71 N. W. 343; Wooley v. Baldwin, 5 N. E. 573; Lick v. Madden, 36 Cal. 208; Boardman v. Hayne, 29 Iowa, 339.

ROBINSON, J. This is an appeal from a directed verdict and judgment for defendants. The plaintiff sues to recover $800 damages because of the alleged neglect of Sundberg, the register of deeds of Eddy county, to comply with this statute: "It shall be the duty of the register of deeds within ten days after the filing of the affidavit of publication of the notice of mortgage foreclosure in foreclosure of real-estate mortgages by advertisement, to send by registered mail a copy of such affidavit of publication to the record title owner and to every subsequent mortgagee whose mortgage appears on record, addressed to him at the postoffice given of record in his office. If no postoffice address appears of record or is unknown to the register of deeds, then to the postoffice located nearest the land described in such certificate." Laws 1909, chap. 126, § 1.

The claim of plaintiff is that the register of deeds failed to mail it a copy of notice showing a foreclosure sale of the land described in the complaint, and that for want of such notice it failed to redeem from the sale and lost its chance of recovering $800 and interest secured by its third mortgage on the south half of northwest quarter and south half of northeast quarter, § 3, twp. 150, range 63, in Eddy county. The postoffice nearest the land is Warwick and the postoffice of plaintiff is Mayville. The defense is that the postmaster at New Rockford, in Eddy county, did not know the address of the

plaintiff; that it did not appear from its mortgage record, and that to have mailed a notice to Warwick would have been an idle act; that there is no proof of any loss by reason of a failure to mail a notice to Warwick.

It is also claimed with much force that the effect of the statute is to impose on the register of deeds an unreasonable risk and burden without compensation, and to deprive him of his property without due process of law. Without passing on the constitutional validity of the statute, it is certain that any such statute must be given a strict construction, and any party seeking to recover damages under it must show himself clearly within its provisions. He must show that the damage was the natural and proximate result of a failure to mail it notice. When the affidavit of publication was filed for record in the office of the register of deeds, he did not know the plaintiff or his postoffice, and its recorded mortgage did not give its postoffice.

Under the statute he was bound to know that Warwick is the postoffice nearest the land. There is evidence that the deputy postmaster knew plaintiff's address, but there is no evidence that it was known to the postmaster, or that a letter addressed to the plaintiff at Warwick would have been forwarded to Mayville, a distance of about 100 miles. There is no evidence that Warwick was ever the postoffice address of the plaintiff or that it had ever received letters addressed to that office. To test the question, defendant mailed a registered letter to the plaintiff at Warwick, and it was returned and not forwarded; but the plaintiff insists that the statute raises a presumption that a letter addressed to the postoffice nearest the land would have been forwarded to the correct postoffice.

That is the point on which the plaintiff relies; but if such a presumption were to prevail in this case, it must prevail in every case, even though the party addressed never resided within a thousand miles of the land. We know, as in this case, that mortgages are frequently taken on lands that are 100 or 1,000 miles from the mortgagee, and by parties residing in New York city, in England, and in Scotland. Hence, it would be the height of absurdity to hold that a letter would be forwarded to a mortgagee if addressed to a postoffice nearest the mortgaged land.

The real and proximate cause of plaintiff's loss was its own negligence. It held only a third mortgage on the land, which was given to secure a prior debt which ought to have been paid in cash. The plaintiff knew that its mortgagee was not responsible, and that in all probability it would have to care for the two prior mortgages, and that it would devolve on it to care for such mortgagee and the taxes. It knew that its mortgage did not contain its postoffice address, and that it had not left its address with the register of deeds, or requested the register to advise it of proceedings to foreclose the prior mortgages.

The mortgage of plaintiff was made to secure $800 and interest. It was dated February 7, 1913, and due October 1, 1913. The prior mortgage for $1,200 and interest was foreclosed by a sale of the land on May 3, 1913. Time to redeem expired on May 3, 1914. At that time the plaintiff's third mortgage was seven months past due and wholly unpaid. That alone should have been sufficient notice to look out for the prior mortgages. The plaintiff was grossly negligent in regard to its mortgage lien, and its own gross negligence is the natural and proximate cause of its loss.

The suit is without any merit, either in law or equity.

Judgment affirmed.